FILED
United States Court of Appeals
Tenth Circuit

November 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHAWNDELL LEE HARRISON,

Defendant-Appellant.

No. 11-6214
(D.C. No. 5:10-CR-00243-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLMES**, and **MATHESON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Shawndell Lee Harrison's plea agreement.

The defendant pleaded guilty to one count of being a felon in possession of a

firearm and ammunition. The district court sentenced defendant to 188 months'

imprisonment. This sentence was below the statutory maximum of life

_____

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

imprisonment and at the high end of the 180 to 188 month advisory guideline range determined by the district court.

In his plea agreement, the defendant "knowingly and voluntarily waive[d] his right" to "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction" and his right to "[a]ppeal [or] collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline determined by the Court to apply to this case." Mot. to Enforce, Att. 1 (Plea Agreement) at 8. Despite this waiver, the defendant filed a notice of appeal, seeking to assert a claim that the district court erred in enhancing his sentence under the Armed Career Criminal Act (ACCA). The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

*Hahn* requires enforcement of an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id*. at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds

-2-

the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted).

The defendant contends his appeal is outside the scope of the appeal waiver because the plea agreement does not mention the issue of whether the ACCA would apply at sentencing. We disagree. The defendant's proposed appeal is a direct challenge to the district court's sentencing determination, and the defendant expressly waived his right to appeal "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline determined by the Court to apply to this case." Plea Agreement at 8. The district court did not depart upward from the advisory Guidelines. Thus, the defendant's appeal falls squarely within the plain meaning of his appeal waiver.

The defendant next contends he could not knowingly waive appellate review of an issue not expressly covered by the appeal waiver. To determine whether an appeal waiver was knowingly and intelligently made, we consider both the language of the plea agreement and the adequacy of the Fed. R .Crim. P. 11 plea colloquy. *Hahn*, 359 F.3d at 1325. The defendant bears the burden of proving that the waiver was not knowing and voluntary. *Id*. at 1329. As noted above, the defendant's plea agreement unequivocally stated that he "knowingly and voluntarily" agreed to waive his right to appeal any sentence imposed by the court unless it exceeded the court-determined advisory guideline. The defendant

stated in his plea agreement that he understood the district court could impose any sentence up to the statutory maximum. At the plea colloquy, the defendant told the district court, under oath, that he understood he was waiving his right to appeal even though he did not yet know what his sentence would be, and understood that the court could impose a sentence of up to life imprisonment. The plea agreement and plea colloquy clearly demonstrate that the defendant knowingly and voluntarily waived his right to appeal his sentence; thus, the second *Hahn* requirement is satisfied.

Finally, the defendant contends that it would be a miscarriage of justice to enforce the appeal waiver because of the need to know whether the district court correctly applied the ACCA in calculating the correct sentence. The defendant's miscarriage-of-justice argument is simply a claim of sentencing error, and this court has repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry. *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful . . . ."). Thus, it is not a miscarriage of justice to enforce the appeal waiver.

The government's motion is GRANTED, and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

-4-